IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERICA INTZEKOSTAS, as Attorney-in-Fact for ZENA INTZEKOSTAS | : : : : : : : : : : : | CIVIL ACTION |
| v. | | |
| ATRIA CENTER CITY, ATRIA SENIOR LIVING, INC., WG CENTER CITY SH, LLC and WG SG SENIOR LIVING HOLDINGS LLC | | NO. 20-5540 |

### MEMORANDUM

**Savage, J.**                                                                              **December 29, 2020**

      Moving for remand of this action removed from the state court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the plaintiff argues that removal was untimely because the defendants did not remove the action within thirty days of service of the complaint.  The defendants contend they removed the case within thirty days of ascertaining the amount in controversy when they received the plaintiff's settlement demand several months later.

      We conclude that the complaint provided notice that the amount in controversy exceeds $75,000.00.  Accordingly, because the thirty-day removal period was triggered when the defendants received the complaint, removal two months later was untimely. Therefore, we shall remand the action.

### Background

      On March 6, 2020, the plaintiff, Erica Intzekostas, as attorney-in-fact for her mother Zena, commenced this action in the state court against the owners and operators of Atria Center City ("Atria), the assisted living facility where Zena resided for approximately one year.  Between March 16 and May 5, 2020, the three removing

defendants, Atria Center City, Atria Senior Living, Inc. and WG Center City SH, LLC,[1] were each served with a writ of summons.  On July 27, 2020, the plaintiff filed the complaint, together with certificates of merit in support of her professional liability claims for nursing home negligence.  The defendants implicitly acknowledge that they received the complaint on July 27, 2020, the date it was filed in state court.[2]  Counsel entered an appearance for the defendants on September 8, 2020.[3]  One month later, on October 9, 2020, plaintiff's counsel emailed a demand of $2,500,000.00.[4]  The defendants removed this action on November 6, 2020.

According to the complaint, Zena was admitted to Atria's secured dementia unit for assistance with activities of daily living and supervision of her medical care for cognitive impairment and other medical conditions.  Zena suffered multiple assaults by other residents and received negligent medical care, resulting in numerous severe injuries.  The plaintiff avers that the defendants knew or should have known that Zena was at risk of assault by other residents and they negligently failed to prevent and investigate resident altercations.  She also claims they were negligent in providing medical care, including a failure to properly manage, care for, monitor, document, chart, prevent, diagnose and treat Zena's medical conditions and injuries.  She claims the defendants committed professional and corporate negligence by mismanaging, under-

---

[1] The removing defendants assert that the fourth defendant, WG SG Senior Living Holdings, LLC, is not an existing entity and/or is not related to the facility at issue.  Not. of Removal (Doc. No. 1) ¶ 6.  Because the plaintiff does not dispute this, *see* Pl.'s Memo of Law (Doc. No. 6) at 5, we refer to the three removing defendants as "the defendants."

[2] *See* Not. of Removal ¶ 4.  Because the defendants were served with process via writs of summons, service of the complaint was effectuated once it was filed and the plaintiff provided them with a copy of it via hand delivery, mail or fax.  *See* Pa. R. Civ. P. 440.

[3] *See* state court docket.

[4] Not. of Removal ¶ 12 and Ex. "E" (Doc. No. 1-5 at ECF 41).

funding and understaffing the facility, failing to train and supervise their employees, and failing to formulate, implement or enforce adequate policies and procedures to protect Zena and meet her needs.

The complaint details Zena's injuries and asserts a claim for punitive damages. In the *ad damnum* clause, the plaintiff requests that judgment be entered "in an amount in excess of the compulsory arbitration limits [of] Fifty Thousand Dollars ($50,000.00). . . together with punitive damages."[5]

In the notice of removal filed more than three months after receiving the detailed complaint, the defendants contend that the "case stated by the Complaint was not removable" because the complaint "alleged only that the amount in controversy exceeded the compulsory arbitration limits of $50,000.00."[6] They assert that the case was not removable until they received the plaintiff's settlement "demand in excess of $75,000.00." They argue that because they filed their removal notice within thirty days of receipt of the settlement demand, removal was timely.[7]

After reviewing the notice of removal and the complaint, we ordered the parties to submit memoranda of law addressing whether the notice of removal was filed late and whether the action should not be remanded to the state court. The defendants reiterate their position that because the plaintiff "only . . . requests judgment in her favor in excess of the . . . $50,000.00" state court arbitration limit, the complaint "does not state an amount in controversy that exceeds $75,000.00."[8] They maintain that the amount-in-

---

[5] Compl. (Doc. No. 1-5) ¶¶ 43-86 and ECF 37.

[6] Not. of Removal ¶ 12.

[7] Not. of Removal ¶ 12 and Ex. "E" (Doc. No. 1-5 at ECF 41).

[8] Defs.' Memo of Law (Doc. No. 5) at ECF 2.

controversy requirement was not satisfied until they received the plaintiff's "demand in excess of $75,000.00."[9]  They ignore the allegations relating to the nature of the injuries.

Noting the severe physical and emotional injuries alleged in the complaint together with the claim for punitive damages, the plaintiff contends that the case was removable when the complaint was filed.  She argues that based on a reasonable reading of the value of the claims in the complaint, it is apparent that the amount in controversy "easily" exceeds the jurisdictional threshold.[10]  She maintains that the October 9, 2020 demand is irrelevant[11] because the defendants were on notice of the value of the claims when the complaint was filed and served on July 27, 2020.  The defendants did not remove the case until November 6, 2020.[12]

### Discussion

To remove a civil action, the defendant must file the notice of removal within thirty days of receipt of the initial pleading or within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing 28 U.S.C. §§ 1446(b)(1) and (3)).  A removal notice

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

---

[9] Defs.' Memo of Law at ECF 2.

[10] Pl.'s Memo of Law at 5.

[11] According to the plaintiff, the defendants are relying on the plaintiff's demand to "circumvent their failure" in timely removing the action.  Pl.'s Memo of Law at 3.

[12] Pl.'s Memo of Law at 4-6.

> initial pleading setting forth the claim for relief upon which such action or proceeding is based.

*Id.* § 1446(b)(1).

Generally, the complaint is the initial pleading triggering the thirty-day period. A summons is not an "initial pleading" for purposes of removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222-23 (3d Cir. 2005) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). A complaint must provide notice of the grounds for federal diversity jurisdiction. *Sikirica*, 416 F.3d at 223. If the allegations in the complaint do not provide the requisite notice, the thirty-day period does not start running until a defendant receives a pleading or other paper from which the basis for federal jurisdiction can be ascertained. 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3).

The parties disagree when the thirty-day period for removing the case started running. The answer to the question depends on whether the defendants knew or should have known from reading the complaint that the amount in controversy exceeds $75,000.00.

Where "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In that case,

the removal notice must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

The defendant does "not need to prove to a legal certainty that the amount in controversy requirement has been met."  *Dart*, 574 U.S. at 88-89 (citing H.R. Rep. No. 112–10, p.16 (2011) to amended § 1446).  The removing defendant's plausible allegation that the amount in controversy exceeds $75,000.00 is accepted unless the plaintiff contests or the court questions it.  If it is contested or questioned, the parties may submit proof.  The court then decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart*, 574 U.S. at 88-89 (citing § 1446(c)(2)(B)).

Because Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated,[13] the plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration.  Thus, we review the removal notice and the complaint to determine whether the amount-in-controversy requirement has been met by a preponderance of the evidence.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

*How to Assess the Amount in Controversy*

In removal cases, the court determines the amount in controversy from a reading of the complaint filed in the state court.  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)).  *See also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The

---

[13] *See* Pa. R. Civ. P. 1021(b).

general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "[W]e look only to the four corners of the pleading to see if it informs the reader, to a substantial degree of specificity, that all elements of federal jurisdiction are present." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 n.10 (3d Cir. 2016) (citation and internal quotation marks omitted).

When the complaint does not make a demand for a precise monetary amount, the court must "independently appraise" the claim's value to determine if it satisfies the amount-in-controversy requirement. *See Angus*, 989 F.2d at 146. It does so from a "reasonable reading of the value of the rights being litigated." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 (3d Cir. 2016) (quoting *Angus*, 989 F.2d at 145-46).

The "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto–Owners Ins. Co.*, 835 F.3d at 395, 397 (quoting *Angus*, 989 F.2d at 146). At the same time, estimates of the total amount of damages must be "realistic," and the inquiry into whether the amount in controversy is met "should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

To determine the nature and extent of the damages to be awarded, we look to state law. We are "required to apply state law in converting the categories to monetary sums." *Samuel-Bassett*, 357 F.3d at 398 (citing *Horton*, 367 U.S. at 352-53).

If punitive damages are available for one or more causes of action asserted in the complaint under state law, they are properly considered in determining the amount

7

in controversy. *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).  However, if the allegations supporting the punitive damages claim are "patently frivolous and without foundation," or the claim "comprises the bulk of the amount in controversy," we cannot consider them in our calculation. *Packard*, 994 F.2d at 1046.  Thus, we look beyond the narrow confines of the *ad damnum* clause and consider the entire complaint.

The question here is whether the complaint put the defendants on notice that the amount in controversy exceeds $75,000.00.  If it did, section 1446(b)(1)'s thirty-day removal clock started running on July 27, 2020, when the defendants received the complaint, making August 26, 2020 the deadline for removal.  If the complaint did not provide notice of the amount in controversy, under section 1446(b)(3)'s "other paper" language, the settlement demand made on October 9, 2020 triggered the thirty-day removal period.  In that event, the removal within thirty days was timely.

We conclude the complaint informed the defendants "to a substantial degree of specificity" that the value of the plaintiff's claim exceeded $75,000.00.  Quoting extensively from the hospital and nursing home medical records, the complaint details the nature and severity of Zena's injuries, which include hip and arm fractures, facial bruising, wounds and infections, dehydration, malnutrition and medication errors, requiring numerous visits to the hospital.

The complaint also asserts a claim for punitive damages, alleging that the defendants' conduct was "intentional, outrageous, willful, wanton and exhibited a reckless indifference to [Zena's] health and well-being."  A reasonable person would not

consider the claim for punitive damages "patently frivolous and without foundation" in light of the conduct alleged in the complaint. Based on a "reasonable reading of the value" of the plaintiff's claims, we find, by a preponderance of the evidence, that the complaint informed the defendants to a substantial degree of specificity that the amount in controversy exceeds $75,000.00.

The defendants' contention that the complaint must demand at least $75,000.00 to satisfy the amount in controversy is incorrect. Section 1446(c) of the removal statute contemplates the precise situation here where the state practice does not permit a demand for a certain sum and permits the plaintiff to request damages in excess of a certain amount.[14] The number $75,000.00 has no relevance to the state court. The arbitration threshold of $50,000.00 does. It determines whether the case is eligible for arbitration. It does not determine the amount in controversy or the value of the claim.

## Conclusion

The complaint informed the defendants "to a substantial degree of specificity" that the value of the plaintiff's claim exceeded $75,000.00. The defendants did not remove the action until 102 days after they received the complaint. Therefore, because the removal was untimely, we shall remand the action.

---

[14] The defendants rely on *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674 (E.D. Pa. 2018), *Sultan v. AIG Cas. Ins.*, No. CV 20-935, 2020 WL 4584174 (E.D. Pa. Aug. 10, 2020) and *White v. Gould*, No. CIV. A. 91-6531, 1992 WL 7032 (E.D. Pa. Jan. 9, 1992). Although the complaints in those cases "contained the same *ad damnum* clause . . . seeking an amount in excess of $50,000," they involved pre-suit, not post-complaint communications. They are not applicable.